UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MICHELLE M. MILLEY** ) | |
| ) | |
| **Plaintiff** ) | Case Number: 3:12-CV-974 [MAD/DEP] |
| ) | |
| vs ) | |
| ) | **CIVIL COMPLAINT** |
| **CHASE BANK, USA , N.A.** ) | |
| ) | |
| **&** ) | |
| **CLIENT SERVICES, INC.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendants** ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Michelle M. Milley, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, P.C., complaining of Defendant, and respectfully avers as follows:

**INTRODUCTORY STATEMENT**

1.  Plaintiff, Michelle M. Milley, is an adult natural person and brings this action for actual damages and other relief against Defendant, Client Services, Inc. for violations of the of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and the Maryland Fair Debt Collection Practices Act and against Defendant, Chase for invasion of privacy.

**JURISDICTION**

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Defendant; Chase maintains a primary location in this District.

### III.  PARTIES

4. Plaintiff, Michelle M. Milley, is an adult natural person residing in Pasadena, Maryland.

At all times material and relevant hereto, At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Chase Bank, USA, N.A. (hereafter, "Defendant, Chase"), at all times relevant hereto, is and was a banking corporation engaged in the business of offering credit cards and collecting on said credit cards within the State of New York and the State of Maryland with a primary office located at 270 Park Avenue, New York, New York 10017.

6. Defendant, Client Services, Inc., (hereafter, "Defendant, Client Services"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New York with a primary address located at 3451 Harry S. Truman Blvd., St. Charles, MO 63301.

7. Defendant, Client Services, is engaged in the collection of debts from consumers using the telephone and mail.  Defendant, Client Services, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

8. In or around December, 2009, Plaintiff's husband, Rodney D. Milley, Jr., filed for Chapter 7 Bankruptcy.

9. Plaintiff's husband included Defendant, Chase's account, the account in question, in his bankruptcy since he was solely liable on the account.

10. Plaintiff's husband social security number is the only one on the account referenced above.

11. On or about January 9, 2010, Defendant, Chase, sent notice that the above account was being closed due to a bankruptcy; however the letter came in Plaintiff's name only.  **See EXHIBIT "A" (letter) attached hereto**.

12. Plaintiff has never filed for bankruptcy.

13. In or around January, 2010, Defendant, Chase, began pursuing collection efforts against the Plaintiff personally for payment on this account.

14. Defendant, Chase, had transferred the account solely into Plaintiff's name.

15. Defendant stated that the Plaintiff was responsible for a balance of $15,014.21.

16. Plaintiff claims that the collection calls from Defendant, Chase, were relentless.

17. Despite being informed that the account did not belong to the Plaintiff, Defendant continued to call daily.

18. In January, 2010, Plaintiff requested that Defendant, Chase, supply her with a copy of the original application.

19. At this same time, Defendant, Chase, began reporting the account on Plaintiff's credit reports.

20. On or about March 20, 2010, Defendant, Chase, informed Plaintiff that the application was done over the phone therefore Chase did not have a signed copy of the application for this account. **See EXHIBIT "B" (letter) attached hereto**.

21. The account in question was opened at least twenty (20) years ago, and Plaintiff had not even met her husband yet.

22. In or about April, 2010, Defendant, Chase, retained Zwicker & Associates to collect on this account.

23. In early, 2011, Zwicker & Associates, sued Plaintiff on behalf of Defendant, Chase, in the District Court of Maryland, Case No. #0702-0012113-2010.

24. On February 24, 2011, Plaintiff was informed by the attorney, for Chase, "Andrew Lerner, Esq.", that he was requesting that the case be dismissed due to a lack of proof that the account belonged to the Plaintiff.

25. Plaintiff was told to contact Defendant, Chase, if she should have any problems in the future related to this matter.

26. Plaintiff believed the situation was handled and that she would not hear anything more on the matter.

27. On January 6, 2012, Defendant, Chase, sent Plaintiff notice that a request had been submitted to all three (3) credit bureaus instructing them to update the Plaintiff's profile to reflect deletion of account ending in 6359. **See EXHIBIT "C" (letter) attached hereto**.

28. Despite the above notice from Defendant, Chase, on or about February 4, 1012, Plaintiff received notice from Nationwide Credit, that they had now been retained by Defendant, Chase, to collect on this debt.

29. Plaintiff was informed that payment was past due and now due in full.

30. Plaintiff once again contacted Defendant, Chase, to find out why they were still trying to collect when the account was to be deleted.

31. On or about February 28, 2012, Defendant, Chase, issued Plaintiff another notice, this time in complete contrast to their letter of a month before, this time stating that after a thorough investigation Chase had determined that the balance was indeed accurate and that the Plaintiff needed to send payment immediately.  **See EXHIBIT "D" (letter) attached hereto**.

32. Plaintiff was advised to send payment in full directly to Defendant, Chase.

33. On or about March 1, 2012, Plaintiff received a letter from Nationwide Credit, stating that they were no longer pursuing the account and that it had been taken back by the original creditor.

34. Defendant, Chase, began to call the Plaintiff continuously again demanding that payment be made on this account.

35. On or about May 5, 2012, Plaintiff received a letter from Defendant, Client Services, who had now been retained for collections on this account.  **See EXHIBIT "E" (letter) attached hereto**.

36. Plaintiff immediately sent Defendant, Client Services, proof that the account was to be deleted and that is was not even her account.

37. Defendant, Client Services, continues to call the Plaintiff insisting that she was responsible for the debt and that she needed to stop making excuses.

38. In their most recent call to the Plaintiff, Defendant, Client Services, threatened Plaintiff with legal action if she did not make arrangements immediately on this account.

39. As of the filing of this complaint, Plaintiff continues to receive calls from the Defendant, Client Services.

40. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants unlawful conduct.

41. As a direct consequence of the Defendant, Chase's, acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

42. Defendant, Chase's, and their agent's conduct continues to be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable.

43. Defendant, Client Services, knew or should have known that their actions violated the FDCPA. Additionally, Defendant, Client Services, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

44. At all times pertinent hereto, Defendants and both of them were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

45. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

46. As a result of Defendants, Chases and Client Services conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain

and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

### COUNT I – FDCPA

*Plaintiff v. Client Services*

47. The above paragraphs are hereby incorporated herein by reference.

48. At all times relevant hereto, Defendant, Client Services, was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

49. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(5): | Threaten to take any action that cannot be taken, or that is not intended to be taken |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Client Services, for the following:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## MARYLAND FAIR DEBT COLLECTION PRACTICES ACT

*Plaintiff v. Client Services*

50.    The above paragraphs are hereby incorporated herein by reference.

51.    At all times relevant hereto, Defendant, Client Services, was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by the MFDCP §14-202;

52.    The foregoing acts and omissions constitute violations of the MFDCP, including but not limited to, violations of:

    §14-202(8)    Claim, attempt, or threaten to enforce a right with knowledge that the right does not exist;

53.    A collector who violates any provision of this subtitle is liable for any damages proximately caused by the violation, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Client Services, for the following:

    a.    Actual damages;

    b.    Statutory damages;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

*Plaintiff v. Chase*

54.    The above paragraphs are hereby incorporated herein by reference.

55.    The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or her private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

56.    Maryland recognizes Plaintiff's right to be free from invasions of privacy, thus Defendant violated MD state law.

57.    Defendant, Chase, intentionally intruded upon Plaintiff's right to privacy to be continually harassing Plaintiff with frequent telephone calls, abusing Plaintiff.

58.    The telephone calls made by Defendant, Chase, to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and "a substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

59. The conduct of Defendant, Chase, in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

60. As a result of the intrusions and invasions, Plaintiff is entitles to actual damages in an amount to be determined at trial from Defendant, Chase.

61. Defendant, Chase's, acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant, Chase, is subject to punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Chase, for the following:

a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.R.C. § 1345.09(A);

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Three times the amount of Plaintiff's actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B);

e. Actual damages from Defendant for all the damage including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

f. Punitive damages; and

g. Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                        **Respectfully submitted,**

                                        **WARREN LAW GROUP, P.C.**

**Date: June 15, 2012**                    **BY:**_/s/ Bruce K. Warren_
                                        Bruce K. Warren, Esquire

                                        Warren Law Group, PC
                                        57 Cooper Street
                                        Woodbury, NJ 08096
                                        P: (856)848-4572
                                        F: (856)324-9081
                                        bruce@warren-lawfirm.com
                                        Attorney for Plaintiff